IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VINCENT CRAIG LOYA,                                    No. 6:12-cv-59-AA
                                                       OPINION AND ORDER
            Plaintiff,

      vs.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.
_____

Kathryn Tassinari
Mark Manning
Harder, Wells, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
      Attorneys for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600

PAGE 1 - OPINION AND ORDER

Portland, Oregon 97201

Leisa Wolf
Special Assistant U.S. Attorney
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff Vincent Loya brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application finding him not disabled, except for the period from August 2, 2008, through October 21, 2009. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## PROCEDURAL BACKGROUND

In November 2008, plaintiff filed an application for disability and SSI benefits under Titles II and XVI of the Act in November 2008, alleging disability as of December 31, 2002. Tr. 18, 141-47, 148-50. Plaintiff was insured for disability insurance benefits through December 31, 2007. Tr. 18. A claimant seeking disability insurance benefits under Title II must show that he became disabled when he had "insured status" under the program. 42 U.S.C. § 416(i)(3). A claimant must establish disability on or prior to the date last insured. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998). Plaintiff had to prove that he became unable to work prior to the lapsing of his insurance (or date last

PAGE 2 - OPINION AND ORDER

insured) on December 31, 2007.  Tr. 18.

Further, plaintiff must establish that his condition continued to be disabling from his date last insured until twelve months prior to filing his application.   42 U.S.C. § 416(i)(2)(E). Claimants who apply for benefits after the expiration of their insured status and seek continuing benefits "must show that the current disability has existed continuously since some time on or before the date that their insured status lapsed." <u>Flaten v. Secretary of Health and Human Services</u>, 44 F.3d 1453, 1458 (9th Cir. 1995).  Plaintiff's disability insurance benefits application was filed eleven months after he was last insured for disability insurance benefits.  Tr. 18, 141.

After plaintiff's claim was denied initially and upon reconsideration, plaintiff timely requested a hearing before an administrative law judge (ALJ).  Tr. 118-19.  After a hearing held on May 4, 2010, the ALJ issued a partially favorable decision. Tr. 18-29. On November 29, 2011, the Appeals Council denied plaintiff's request for review making the ALJ's decision the Commissioner's final decision.  Tr. 1-4.  This appeal followed.

## STATEMENT OF THE FACTS

Born in 1963, plaintiff was 47 years old at the time of the hearing. Tr. 41.  He completed the 11th grade.  Tr. 43.  Plaintiff had past relevant work experience as a carpenter.    Tr. 44. Plaintiff alleges disability due to spinocerebellar ataxia, a progressive neurodegenerative disorder, super ventricular tachycardia, and mild cervical spine degenerative disc disease.

PAGE 3 - OPINION AND ORDER

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. At step two, the Commissioner determines whether the claimant has a "medically severe impairment

PAGE 4 - OPINION AND ORDER

or combination of impairments." <u>Yuckert</u>, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." <u>Yuckert</u>, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. <u>Yuckert</u>, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(e). If the claimant can work, he is not disabled. If he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work that exists in the national economy. <u>Yuckert</u>, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

## DISCUSSION

<u>Plaintiff's Allegations of Error</u>

Plaintiff alleges that the ALJ erred by: 1) failing to provide clear and convincing reasons for rejecting his testimony; 2) improperly rejecting the lay witness's testimony; 3) improperly evaluating the opinion of plaintiff's treating physician; 4) finding plaintiff's impairments did not meet or equal a listing; 5) findging plaintiff disabled only from August 2, 2008, through October 21, 2009; and (6) improperly assessing plaintiff's residual

functional capacity resulting in a step five finding that plaintiff
is not disabled.

<u>Plaintiff's Onset Date Prior to his Date Last Insured</u>

Plaintiff argues that the ALJ erred in finding that plaintiff
was not disabled prior to December 31, 2007.  Social Security
Ruling 83-20 outlines the procedures ALJs are to use when medical
evidence of an impairment is ambiguous during the relevant time
period and it is necessary to make inferences as to whether a
disability began earlier.  This Ruling provides that Social
Security policy is to establish the onset date based on several
factors including, the individual's allegation, the work history,
and the medical evidence.  SSR 83-20.  The Ruling requires an
"informed judgment" with a "legitimate medical basis."  <u>Id.</u>.  The
ALJ is required to obtain all evidence that is available to make
the determination of onset.  <u>Id.</u>

Medical evidence post-dating the date a claimant was last
insured may be relevant in determining whether a disability had an
onset prior to the expiration of the claimant's insured status.
<u>Flaten</u>, 44 F.3d at 1461 n.5.  Here, there were no records pre-
dating plaintiff's last insured date of December 31, 2007.
Defendant asserts that "determination of a precise onset with
regard to onset of disability was adequately resolved by the
unambiguous medical evidence in this case."  Def's Brief, p. 9.
Defendant relied on "improvement of [plaintiff's] condition on
October 21, 2009," finding that plaintiff would not have "missed
more than two days of work per month as his SVT symptoms decreased

PAGE 6 - OPINION AND ORDER

and the medical records no longer documented severity of ataxia symptoms." Id. The defendant asserts that where, as here, the ALJ can resolve alleged inconsistencies based on substantial evidence in the record, there is no need to call other medical sources. Id. at p. 10.

> SSR 83-20 provides:
>
> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling . . . In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.

When the ALJ must infer the onset date from noncontemporaneous medical evidence, SSR 83-20 requires that the inference is based on "informed judgment." The Rule states, "[t]his judgment . . . must have a legitimate medical basis. At the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred." The Ruling also states that "[d]etermining the proper onset date is particularly difficult, when for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available." Id. The Ninth Circuit has held that an "informed inference" is not possible without the assistance of a medical expert. Armstrong v. Commissioner of Social Security Admin., 160 F.3d 587 (9th Cir. 1998)("In the event that the medical evidence is not definitive concerning the onset date and medial inferences need to be made, SSR 83-20 requires the [ALJ] to call upon the services of a medical advisor[.]"). The ALJ's duty to determine the date of onset occurs here where the record contains substantial evidence that the plaintiff was

PAGE 7 - OPINION AND ORDER

disabled at some point after the date last insured but is unclear as to the date of onset. <u>Sam v. Astrue</u>, 550 F.3d 808, 811 (9th Cir. 2008).

The critical date for disability compensation is the date of onset of the disability. <u>Morgan v. Sullivan</u>, 945 F.2d 1079, 1081 (9th Cir. 1991). Plaintiff argues that prior to his last insured date, his ataxia condition had progressed to the point he was unable to work because of balance and coordination problems. Plaintiff has established he was disabled at some point after the expiration of his insured status, but there are no contemporaneous records to rely upon. Therefore, I find the ALJ was required to consult a medical expert to infer the onset of disability from the record. Both plaintiff and defendant move, in the alternative, to remand this case for further proceedings. I agree, and therefore remand this case to the ALJ in order to obtain the opinion of a medical advisor to assist him in inferring the onset of plaintiff's condition.

## CONCLUSION

For the reasons set forth above, and pursuant to plaintiff's and defendant's alternative motions, the Commissioner's decision is REVERSED and this case is REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this _____ day of April 2013.


_____
Ann Aiken
United States District Judge